UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AUCTUS FUND, LLC,      )
    Plaintiff,      )
                )
      v.      )      C.A. No. 1:19-12138-MLW
                )
                )
DANIELLE CADIZ,      )
    Defendant.      )
                )
                )

MEMORANDUM AND ORDER

WOLF, D.J.                          September 12, 2022

Plaintiff Auctus Fund, LLC ("Auctus") brought this action against defendants Jason Cardiff, Eunjung Cardiff, and Danielle Cadiz (together, the "Individual Defendants") and Redwood Scientific Technologies Inc., a Delaware corporation ("Redwood Delaware"), Redwood Scientific Technologies Inc., a Nevada corporation ("Redwood Nevada"), and Redwood Scientific Technologies Inc., a California corporation ("Redwood California") (together, "Redwood"). See Am. Compl. (Dkt. No. 16). Auctus alleges claims for violations of Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 (the "Exchange Act"), the Massachusetts Uniform Securities Act, and Mass. Gen. Laws ch. 93A, §§2 and 11, and for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, breach

of fiduciary duty, fraud and deceit, negligent misrepresentation, and civil conspiracy. See id.

Danielle Cadiz has filed a pro se Motion to Dismiss the claims against her. See Dkt. No. 27 (the "Motion"). The Motion includes an answer "den[ying] each of the Plaintiff's allegations in the Complaint" and lists alleged affirmative defenses. Id. at 1. The Motion is not signed under the pains and penalties of perjury and, therefore, does not constitute an affidavit. Nor is it supported by a memorandum of law. Therefore, the Motion is not filed in the manner required by Rule 7.1(b)(1) of the Local Rules of the United States District Court for the District of Massachusetts with which even pro se litigants must comply. See Ruiz Rivera v. Riley, 209 F.3d 24, 27-28 & n.2 (1st Cir. 2000). This alone might justify denying the Motion. See NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 6 (1st Cir. 2002).

Nevertheless, the court has considered the Motion and Auctus's Opposition to it. Because Cadiz is proceeding pro se, her filings are being "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Under the heading "Affirmative Defenses," Cadiz states that she was not properly served and that she was neither involved in nor aware of any agreements between Redwood and Auctus. See Motion at 1. In view of these assertions, the court views the Motion as a motion to dismiss for insufficient service of process

2

pursuant to Fed. R. Civ. P. 12(b)(5) and a motion to dismiss for failure to state a claim for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

Federal Rule of Civil Procedure 12(b)(5) permits motions to dismiss based on "insufficient service of process" and requires this defense to be raised by motion before a responsive pleading is filed. The burden of proof to establish proper service of process following a motion to dismiss pursuant to Rule 12(b)(5) is on the plaintiff. See Saez Rivera v. Nissan Mfg. Co., 788 F.2d 819, 822 n.2 (1st Cir. 1986). "A return of service generally serves as prima facie evidence that service was validly performed." Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008).

Federal Rule of Civil Procedure 4 governs service of process. Failure to make service in accordance with the requirements of Rule 4 permits dismissal under Rule 12(b)(5). Under Rule 4(e)(2)(B), an individual may be served by "leaving a copy of [the summons and the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

The Proof of Service states that the summons and Amended Complaint were left at Cadiz's home at 4070 Elderberry Ridge, Lake Elsinore, California 92530 with a female, about age 40, who resided there. See Dkt. No. 26. Cadiz has not presented an affidavit or any other evidence to rebut the return of service's prima facie

3

evidence that the Amended Complaint was properly served. Therefore, the court finds that Auctus has satisfied its burden of proving that service was sufficient. Accordingly, Cadiz's request that the case be dismissed pursuant to Rule 12(b)(5) is being denied.

Cadiz's motion to dismiss for failure to state a claim on which relief can be granted, pursuant to Rule 12(b)(6), is also unmeritorious. At the motion to dismiss stage, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In this case, the court may properly also consider the Federal Trade Commission ("FTC") Complaint against defendants that is repeatedly referenced in the Amended Complaint and attached as an exhibit to it. See Schatz v. Republican St. Leadership Comm., 669 F.3d 50, 55-56 & n.3 (1st Cir. 2012); Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009); Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993); Beddall v. St. Street Bank & Tr. Co., 137 F.3d 12, 17 (1st Cir. 1998).

The court must take all of the factual allegations in the Amended Complaint and the FTC Complaint as true, and draw all reasonable inferences in favor of Auctus. See Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 96 (1st Cir. 2007). Doing so, the court finds that Auctus has stated a plausible claim for relief on

4

all counts concerning at least the May 8, 2018 Securities Purchase
Agreement, the first of two such agreements at the heart of this
case. Therefore, Cadiz's Rule 12(b)(6) motion is being denied.

More specifically, each count in the Amended Complaint is
based on Redwood's alleged misrepresentations and omissions which
allegedly induced Auctus to invest in Redwood Delaware through two
Securities Purchase Agreements on May 8, 2018 and July 18, 2018.
See Am. Compl. ¶¶22, 28, 84-90. Auctus has plausibly alleged that
Cadiz was involved in at least the May 8, 2018 Securities Purchase
Agreement and acted on behalf of Redwood when it misrepresented
material facts.

Auctus alleges that Cadiz "supervised, managed, controlled
and directed, and had the authority to supervise, manage, control
and direct, the acts, omissions, practices and/or courses of
conduct of certain of the [Redwood entities]." Id. ¶14. According
to the FTC Complaint, Cadiz was the Director of Operations for
Redwood California since December 2016 and "execute[d] virtually
all activities of the [Redwood corporate entities]." FTC Complaint
¶23. The FTC Complaint also alleges that Cadiz's own LinkedIn
profile described her responsibilities at Redwood California as
"leading day to day business operations [and] cash flow." Id. Both
the Amended Complaint and the FTC Complaint allege that Redwood
California operates as a common enterprise with the other Redwood
entities, including Redwood Delaware, which are all commonly

controlled by the Individual Defendants. See id. ¶¶8, 26; Am. Compl. ¶¶1, 20-21.

Cadiz denies that she was involved in or aware of either of the two Securities Purchase Agreement transactions. However, as explained earlier, the court must "take all factual allegations as true and . . . draw all reasonable inferences in favor of the plaintiff." Rodriguez-Ortiz, 490 F.3d at 96. Therefore, the court takes as true the allegations that Cadiz was the Director of Operations for Redwood California responsible for "day to day business operations [and] cash flow" and "execute[d] virtually all activities of the [Redwood entities]," as well as the allegation that the Redwood entities were run together as a common enterprise. FTC Complaint ¶23. These allegations indicate that Cadiz exercised significant authority and responsibility on behalf of the Redwood entities, including Redwood Delaware. Therefore, it is plausible that Cadiz was both involved in and aware of the alleged misrepresentations and omissions made by Redwood to Auctus concerning at least the May 18, 2018 Securities Purchase Agreement.

Cadiz states in the Motion that she left Redwood on July 7, 2018, see Motion at 1, before the second Securities Purchase Agreement between Auctus and Redwood Delaware was executed on July 18, 2018, see Am. Compl. ¶30. Cadiz asserts that she "was not aware of a second agreement with [Auctus] . . . or any subsequent funding." Motion at 1. In its Opposition, Auctus argues that, even

if Cadiz left Redwood before the execution of the second Securities Purchase Agreement, it made that investment in reliance upon the statements in Redwood Delaware's quarterly report for the quarter ended March 31, 2018, that "was produced under [Cadiz's] direction, supervision and control," See Dkt. No. 28 at 8.

It is not clear to the court whether Auctus disputes Cadiz's claim that she was no longer employed by Redwood after July 7, 2018. Nor have the parties briefed whether Cadiz having left Redwood would be material in view of her alleged involvement in relevant matters before she allegedly ended her employment with Redwood.  Moreover, as the Counts in the Amended Complaint do not state separate claims concerning the May 8, 2018 Securities Purchase Agreement and the July 18, 2018 Securities Purchase Agreement transactions, and the allegations are sufficient concerning the May 18, 2018 matter, the motion to dismiss for failure to state a claim must be denied at least in part. The court is, therefore, not now deciding whether there is a plausible claim that Cadiz is liable for any of the alleged misconduct concerning the July 18, 2018 Securities Purchase Agreement. That issue may be addressed on a more fully developed record on a motion for summary judgment and/or at trial.

In view of the foregoing, it is hereby ORDERED that:

1. Cadiz's Motion to Dismiss (Dkt. No. 27) is DENIED.

2. This case is referred to the Magistrate Judge for all pretrial purposes, including a Report and Recommendation on any dispositive motion.


UNITED STATES DISTRICT JUDGE

8