UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

AUCTUS FUND, LLC,
      Plaintiff,

          v.

REDWOOD SCIENTIFIC TECHNOLOGIES,
INC.,
DANIELLE CARDIZ,
REDWOOD SCIENTIFIC TECHNOLOGIES,
INC., a California corporation,
EUNJUNG CARDIFF, and
JASON CARDIFF
      Defendants.

CIVIL ACTION NO. 19-12138-MLW[1]

REPORT AND RECOMMENDATIONS ON
PLAINTIFF'S MOTIONS FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE
PURSUANT TO FED. R. CIV. P. 41(a)(2)
(##46, 49)

KELLEY, U.S.M.J.

I. Background.

      Plaintiff Auctus Fund, LLC ("Auctus") filed an original complaint against Delaware

corporation Redwood Scientific Technologies, Inc. ("Redwood Delaware"), alleging violations of

§ 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934, the Massachusetts Uniform

Securities Act, Mass. Gen. Laws ch. 93A §§ 2 and 11, and state law claims for breach of contract,

breach of the implied covenant of good faith and fair dealing, unjust enrichment, breach of

---

[1] This case has been referred to this court for full pretrial purposes and report and recommendation
on any dispositive motion. (#36.)

fiduciary duty, fraud and deceit, and negligent misrepresentation. (#1.) Redwood Delaware did not

respond, and Auctus sought and obtained a clerk's entry of default. (##5-8.) [2]

Judge Wolf then ordered Auctus to seek to show cause why the court should not dismiss

its § 10(b) claims for failure to state a plausible claim and the case for want of subject matter

jurisdiction and/or why the court should not dismiss the case for want of prosecution. (#12 at 7-8.)

Auctus responded and Judge Wolf, among other things, vacated the clerk's entry of default, and

ordered Auctus to file an amended complaint. (#15 at 1-2.)

Auctus timely filed an amended complaint, naming as defendants Redwood Delaware,

Nevada corporation Redwood Scientific Technologies, Inc. ("Redwood Nevada"), California

corporation Redwood Scientific Technologies, Inc. ("Redwood California"), Jason Cardiff,

Eunjung Cardiff, and Danielle Cadiz. (#16.) Auctus raised claims for violations of § 10(b) and

Rule 10b-5 of the Exchange Act, the Massachusetts Uniform Securities Act, and Mass. Gen. Laws

ch. 93A §§ 2 and 11 against all defendants, *see id*. at ¶¶57-59, 67-71, 116-119; breach of contract

and breach of the implied covenant of good faith and fair dealing against the corporate defendants,

*see id*. at ¶¶80-99; unjust enrichment against the individual defendants, *see id*. at ¶¶100-104; and,

---

[2] Auctus states that it "was never able to" complete service on Redwood Delaware. (#46 at 1.)
Proof of service of its original complaint, via the Delaware Secretary of State, was filed. (#5.) After
filing the amended complaint, Auctus moved for an extension of time to complete service as to all
defendants, including Redwood Delaware. (#19.) Auctus did not file proof of service of the
amended complaint on Redwood Delaware, but also did not seek a further extension of time to
complete service as to Redwood Delaware when it sought a further extension as to Redwood
California and Cadiz. (#24.) Because this court is recommending that Auctus's first Rule 41(a)(2)
motion be granted as to Redwood Delaware, it does not address the issue of service of the amended
complaint on Redwood Delaware further. *See*, *e.g.*, *Pelletier v. United States*, No. 20-cv-1805-
GPC-DEB, 2021 WL 2895817, at *1, 3 (S.D. Cal. July 9, 2021) (allowing plaintiff's Rule 41(a)(2)
motion to voluntary dismiss without prejudice although docket did not reflect that defendants were
served after court vacated clerk's entry of default and ordered service; declining to rule on
defendants' motion to dismiss given apparent lack of personal jurisdiction and denying it as moot
in light of allowance of Rule 41(a)(2) motion).

breach of fiduciary duty, fraud and deceit, negligent misrepresentation, and civil conspiracy against all defendants, *see id*. at ¶¶105-115, 120-124. According to Auctus, Redwood Delaware is a successor company to Redwood Nevada and the parent company to Redwood California. *Id*. at ¶9. Redwood Nevada and Redwood California are alter egos to Redwood Delaware. *Id*. at ¶¶10-11. Jason Cardiff is, or was, the founder, President, Chief Executive Officer, and/or a Director of the corporate defendants; Eunjung Cardiff is, or was, the Secretary, Chief Operating Officer, Chief Marketing Officer, Director of Marketing, and/or a Director of the corporate defendants; and, Cadiz is, or was, the Director of Operations of certain corporate defendants. *Id*. at ¶¶12-14.

Auctus filed proof of service on the new defendants, with the exception of Redwood California. *See* #21 (Redwood Nevada); #22 (Jason Cardiff); #23 (Eunjung Cardiff); #26 (Cadiz). Redwood Nevada, Jason Cardiff, and Eunjung Cardiff did not respond to Auctus's amended complaint. Cadiz moved to dismiss. (#27). On September 9, 2022, Judge Wolf ordered Auctus to either request a clerk's entry of default as to Redwood Nevada, Jason Cardiff, and Eunjung Cardiff or report that they should be dismissed as parties. (#34.) On September 12, Judge Wolf denied Cadiz's motion to dismiss. (#35.)

As to Redwood Nevada, Auctus timely filed a Rule 41(a)(1)(A)(i) notice of voluntary dismissal without prejudice. (#39.) As to Jason Cardiff and Eunjung Cardiff, it timely sought and obtained a clerk's entry of default. (##37-38, 40-42.) This court ordered Auctus to seek to show cause why the court should not recommend dismissal for failure to timely complete or prove service on Redwood California. (#43.) Auctus did not respond to that initial show cause order, so this court issued another. (#45.) In its timely response to that further show cause order, Auctus explained that it believed that its Rule 41(a)(1)(A)(i) notice as to Redwood Nevada was effective

as to Redwood Delaware and Redwood California, and that its failure to respond to this court's initial show cause order was inadvertent. (#47 at 1-2.)

Now pending are: Auctus's motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) as to all defendants (#46) and Auctus's motion for voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) as to Cadiz (#49).[3] In its motions, Auctus explains that it seeks voluntary dismissal without prejudice as to Jason Cardiff, Eunjung Cardiff, and Cadiz because the cost to Auctus of pursuing its claims against them exceeds the likelihood that Auctus would be able to collect any judgment that may enter for it. *See* #46 at 2; *see also* #49 at 1. Furthermore, Auctus has filed a claim in a receivership action against Redwood Delaware, Redwood California, and Redwood Nevada that is proceeding in California. Auctus seeks voluntary dismissal without prejudice as to the corporate defendants, leaving it to pursue its claim against them in the receivership action. *See* #46 at 1-2. The time for opposing Auctus's first and second Rule 41(a)(2) motions has passed.

II. <u>Relevant Law</u>.

A plaintiff may dismiss an action, without an order of the court, by filing a notice of voluntary dismissal "before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). A defendant's filing of a Fed. R. Civ. P. 12(b) motion to dismiss generally does not preclude the plaintiff from filing such a self-executing, Rule 41(a)(1)(A)(i) notice. *United Sur. & Indem. Co. v. Yabucoa Volunteers of Am. Elderly Housing, Inc.*, 306 F.R.D. 88, 91 (D. P.R. 2015) (citing, *inter alia*, *Matta-Ballesteros v. United States*, 66

---

[3] Both motions cite Rule "41(2)," which this court infers is a citation to Rule 41(a)(2). Auctus's second Rule 41(a)(2) was filed in response to this court's order noting that its first Rule 41(a)(2) motion incorrectly asserted that Cadiz had already been dismissed as a party. (#48.)

F.3d 306, 1995 WL 568493, at *1 (1st Cir. Sept. 26, 1995) (per curiam) (unpublished)); *see Hughes v. Standard Hardware Dist., Inc.*, No. 10-cv-207-SM, 2010 WL 3895910, at *1-2 (D. N.H. Oct. 4, 2010). Unless the notice states otherwise, voluntary dismissal under Rule 41(a)(1)(A)(i) is without prejudice. Fed. R. Civ. P. 41(a)(1)(A)(i).

Except as provided in Rule 41(a)(1), an action may be voluntarily dismissed at a plaintiff's request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) allows the plaintiff to voluntarily dismiss its own action as long as the defendant will not suffer prejudice, with the court ensuring that the defendant will not. *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000); *see Colón-Cabrera v. Esso Standard Oil Co. (Puerto Rico), Inc.*, 723 F.3d 82, 87 (1st Cir. 2013). Unless the court order states otherwise, voluntary dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2). Dismissal without prejudice is "the norm," and should be ordered absent a finding that the defendant will suffer "legal" prejudice, which means more than the prospect of a second lawsuit. *Colón-Cabrera*, 723 F.3d at 87 (citations and punctuation omitted); *see Doe*, 216 F.3d at 160-161. Factors relevant to the Rule 41(a)(2) analysis include: the defendant's effort and expense in preparation for trial; the plaintiff's delay or lack of diligence in prosecuting the action; the sufficiency of the plaintiff's explanation of the need for dismissal; and, whether the defendant has filed a motion for summary judgment. *Doe*, 216 F.3d at 160; *see Colón-Cabrera*, 723 F.3d at 88. These factors are guides, not binding or exhaustive. *Id.*

III. Auctus's Rule 41(a)(2) Motion as to Redwood Delaware, Redwood California, Jason Cardiff, and Eunjung Cardiff.[4]

The court notes that Auctus could have filed a self-executing, Rule 41(a)(1)(A)(i) notice as to Redwood Delaware, Redwood California, Jason Cardiff, and Eunjung Cardiff. Redwood Delaware did not serve an answer to Auctus's original complaint. Redwood California, Jason Cardiff, and Eunjung Cardiff did not serve answers to Auctus's amended complaint. No defendant has served a motion for summary judgment.[5]

The factors relevant to the Rule 41(a)(2) analysis weigh in favor of entering an order of voluntary dismissal without prejudice as to these defendants. First, it is not apparent that these defendants have expended any effort or expense at all, as they have done nothing to defend against Auctus's allegations here.

Auctus's explanation of the need for dismissal is sufficient and plausible. Auctus is pursuing its claim against the corporate defendants in the receivership action. And Auctus has determined that the potential inability to collect judgment does not warrant the undeniable cost of pursuing its claims against the individual defendants further.

---

[4] Because Redwood Nevada has already been dismissed as a party, *see* #39, and Auctus's second Rule 41(a)(2) motion addresses Cadiz, the court's recommendation on Auctus's first Rule 41(a)(2) motion is limited to these defendants.

[5] To be clear, the court does not recommend that Auctus's first Rule 41(a)(2) motion be construed as a self-executing, Rule 41(a)(1)(A)(i) notice; the court only observes that, as to these defendants, Auctus could have automatically obtained the dismissal for which it now seeks court approval, had it chosen to do so. *See Burnett v. GlaxoSmithKline LLC*, No. 16-cv-01137-JNE-KMM, 2016 WL 4728117, at *5-6 (D. Minn. Aug. 10, 2016) (declining to recommend that Rule 41(a)(2) motion be construed as self-executing, Rule 41(a)(1)(A)(i) notice in recognition of potential unfairness in triggering Fed. R. Civ. P. 41(a)(1)(B)'s "two-dismissal rule" despite plaintiff's choice to seek dismissal by motion), *report and recommendation accepted without objection*, 2016 WL 4728102 (D. Minn. Sept 9, 2016); *Fid. Nat'l Title Ins. Co. v. M&R Title, Inc.*, No. PWG-12-148, 2013 WL 12423807, at *3 (D. Md. Feb. 1, 2013) (similar); *but see United Sur. & Indem. Co.*, 306 F.R.D. at 90-91.

On occasion, Auctus did delay in prosecuting this action, prompting show cause orders. *See* #12 at 7 (as to standing order on default judgment); #45 at 6 (as to standing order and order to show cause for failure to prove or complete service). But, in this court's view, that delay was not "excessive." *Doe*, 216 F.3d at 160 (citation omitted); *see*, *e.g.*, #14 (timely response to #12); #47 (timely response to #45); *see also*, *e.g.*, #16 (timely amended complaint); #18 (timely opposition); ##37-39 (timely requests for a clerk's entry of default and Rule 41(a)(1)(A)(i) notice); ##46, 49 (timely Rule 41(a)(2) motions).

For these reasons, this court recommends that Judge Wolf grant Auctus's first Rule 41(a)(2) motion and that he enter an order of voluntary dismissal without prejudice as to Redwood Delaware, Redwood California, Jason Cardiff, and Eunjung Cardiff.

IV. Auctus's Rule 41(a)(2) Motion as to Cadiz.

For these same reasons, this court also recommends that Judge Wolf grant Auctus's second Rule 41(a)(2), and that he enter an order of voluntary dismissal without prejudice as to Cadiz. Unlike Redwood Delaware, Redwood California, Jason Cardiff, and Eunjung Cardiff, Cadiz has defended against Auctus's allegations here. She moved to dismiss.[6] However, the motion is two pages long and was filed pro se. Presumably, she did not expend significant efforts or incur significant expense in preparing it.

The court notes that Auctus's second Rule 41(a)(2) motion does not include a certificate of consultation and states only that service of its motion was made by the electronic filing system upon registered participants. (#49 at 2.)[7] There is some question, therefore, as to whether Cadiz is

---

[6] Cadiz also purported to answer Auctus's amended complaint in her motion to dismiss. *See* #27 at 1; *see also* #35 at 2.

[7] The same is true of Auctus's first Rule 41(a)(2) motion. (#46 at 3.) However, Redwood Delaware, Redwood California, Jason Cardiff, and Eunjung Cardiff have never appeared. *See* Fed. R. Civ. P.

aware that Auctus has sought dismissal. However, it seems unlikely that Cadiz would object to dismissal and, moreover, she has the opportunity to object to these Report and Recommendations.

V. <u>Conclusion</u>.

This court recommends that Auctus's first Rule 41(a)(2) motion (#46) be allowed as to Redwood Delaware, Redwood California, Jason Cardiff, and Eunjung Cardiff, and that Auctus's second Rule 41(a)(2) motion (#49), as to Cadiz, be allowed. Because Redwood Nevada has already been dismissed, this action should be dismissed in its entirety, without prejudice.

VI. <u>Review by District Court</u>.

The parties are advised that any party who objects to these Report and Recommendations must file specific written objections with the Clerk of this Court within fourteen (14) days of the date of these Report and Recommendations. The objections must specifically identify the portion of these Report and Recommendations to which objections are made and state the basis for such objections. The parties are further advised that the United States Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. *See Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983).

January 5, 2023

/s/ M. Page Kelley
M. Page Kelley
Chief United States Magistrate Judge

---

5(a)(2) (unless pleading asserts new claim for relief against party, "[n]o service is required on a party who is in default for failing to appear"); *see also Cutting v. Town of Allenstown*, 936 F.2d 18, 21 n. 1 (1st Cir. 1991) (for purposes of Rule 5, party who fails to appear "in default" although clerk has yet to enter default).